# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Avalos,<br><br>            Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>            Respondents. | No. CV-18-00355-TUC-JGZ<br><br>**ORDER** |

Before the Court is Magistrate Judge Lynette Kimmins' Report and Recommendation (R&R) recommending that the District Court deny Petitioner's Petition for Writ of Habeas Corpus, as well as his Motion to Amend his Petition. Petitioner has filed an objection. After an independent review of the parties' briefing and of the record, the Court will overrule Petitioner's objection and adopt Judge Kimmins' recommendation to deny Petitioner's request to amend and to deny his petition.[1]

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

---

[1] Petitioner also seeks an extension to file a Reply Brief to Defendants' Reponses to his Objections. As stated in the R&R, pursuant to Federal Rule of Civil Procedure 72(b)(2), although any party may serve and file written objections, and a party may respond to the other party's objections, "[n]o reply brief shall be filed on objections unless leave is granted by the District Court." Having reviewed the filings in this case, the Court concludes that any reply would not have assisted the Court's determination, and the Court will therefore deny Petitioner's Motion for an Extension.

by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia,* 328 F.3d at 1121; *Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).

**DISCUSSION**

As set forth in greater detail in the R&R, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for aggravated driving under the influence and aggravated driving with an alcohol concentration of .08 or more, both of which occurred while his license was suspended, revoked, or restricted. The Pima County trial court denied his motion to suppress evidence resulting from his traffic stop, and he was subsequently found guilty following a jury trial. The Arizona Court of Appeals affirmed his convictions and sentences and the Arizona Supreme Court denied further review.

Petitioner filed a Notice for Post-Conviction Relief (PCR) and counsel was appointed, but she could not identify any viable claims. Petitioner was granted a window in which to file a pro se petition, but the PCR court dismissed the PCR proceeding when Petitioner failed to timely file. Petitioner then filed a second Notice of PCR, which the PCR court denied, finding that the successive PCR was denied due to Petitioner's failure to file his first pro se petition, rather than to any failure on the part of his counsel. The Court of Appeals affirmed.

Petitioner's Habeas Petition raises a claim that the jury instructions at his trial were unconstitutional and a second claim that the trial court erred in denying his motion to suppress. During the pendency of his Habeas Petition, Petitioner also moved to add a third claim alleging that his trial counsel was ineffective in litigating the motion to suppress and that his PCR counsel was ineffective in failing to raise this claim of IAC at trial. Magistrate

Judge Kimmins recommends that this Court dismiss Petitioner's petition because Claim 1—that Petitioner's due process rights were violated due to an improper jury instruction—is procedurally defaulted, Claim 2—that the trial court improperly denied his motion to suppress—is not cognizable, and proposed Claim 3—ineffective assistance of trial and PCR counsel—is procedurally defaulted. Upon independent review of the record, this Court agrees.

Petitioner asserts four objections to the R&R. First, Petitioner argues that Magistrate Judge Kimmins denied him due process by failing to promptly rule on his motion to amend his petition to add his proposed IAC claim, thereby preventing him from exhausting his IAC claim with the Arizona Supreme Court. (Doc. 45, pg. 6.) As Respondents note, however, Petitioner was free to seek review from the supreme court for review of his IAC claim months before Judge Kimmins denied his motion to stay, and thus, the delayed ruling on his motion to amend did not hinder his ability to exhaust his IAC claim with the supreme court.

Petitioner next objects that he was prejudiced because the Magistrate Judge evaluated Claims 1 and 2 in his Petition alongside his proposed Claim 3, "detracting from the merits of [his] proposed ineffective assistance of counsel" claim. (Doc. 45, pg. 6.) The Magistrate Judge reviewed each of the three claims for relief individually, however, and there is no suggestion in the R&R's analysis that Claim 3 was given short shrift by virtue of having been considered at the same time as Claims 1 and 2. Rather, the R&R subjects Claim 3 to a thorough analysis.

Petitioner disputes the Magistrate Judge's finding that his IAC claim was procedurally defaulted, arguing that his untimely PCR petition was the result of confusion caused by his PCR counsel and that, in essence, the Arizona court erred by rejecting his successive PCR petition as untimely. (Doc. 45, pgs. 9-11.) But correspondence in the record between Petitioner and his PCR counsel establishes that Petitioner did not have a reasonable or excusable basis for his confusion, and in any event, the R&R additionally concludes, after sound analysis, that trial counsel "presented an objectively reasonable

argument on the facts and law" during Petitioner's suppression hearing. (Doc. 44, pg. 10.)

Finally, Petitioner argues that appellate counsel's performance caused his claim to be procedurally defaulted, that the Arizona courts did not have a fair opportunity to rule on the effectiveness of appellate counsel, and that the Magistrate Judge noted that his appellate counsel was in fact ineffective. (Doc. 45, pgs. 12-13.) But as Respondents note, the R&R did not conclude that his appellate counsel was ineffective or analyze the issue.

In sum, the Court adopts the findings in the R&R and concludes that Petitioner's objections are unavailing.

## CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation (Doc. 44) is ADOPTED.

IT IS FURTHER ORDERED that the Motion to Amend the Petition for Writ of Habeas Corpus (Doc. 32) is DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for an Extension (Doc. 49) is DENIED.

The Clerk of the Court is directed to close this case.

Dated this 5th day of February, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge